# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| **Jacqueline Wilson** | : **CASE NO.**:  _____ |
| **5944 Spring Hollow Drive** | : |
| **Toledo, Ohio 43615** | : |
|  | : |
| **Plaintiff,** | : |
| **v.** | : **JUDGE** |
|  | : |
| **Harris & Harris, Ltd.** | : |
| **111 W. Jackson Boulevard, Suite 400** | : |
| **Chicago, Illinois 60604** | : |
|  | : **COMPLAINT** |
| **Defendant.** | : |
|  | : |
|  | : |
|  | : **A Trial by the Maximum Number of Jurors** |
|  | : **is hereby Demanded** |
|  | : |
|  | : |

Here comes Plaintiff Jacqueline Wilson, (hereinafter "Plaintiff") and sets forth a *Complaint* against Defendant Harris & Harris, Ltd. (hereinafter "Defendant") as follows:

## JURISDICTION

1.      This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") in their illegal efforts to collect a consumer debt.

2.      Jurisdiction is proper in the Court pursuant to 15 U.S.C. § 1692k(d).

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

<u>**PARTIES**</u>

4.     Plaintiff, Jacqueline Wilson (hereafter "Plaintiff"), is an adult individual whose residence is in Toledo, Ohio, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant, Harris & Harris, Ltd. ("Harris"), is an Illinois business entity with an address of 111 W. Jackson Boulevard, Suite 400, Chicago, Illinois 60604, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

<u>**ALLEGATIONS APPLICABLE TO ALL COUNTS**</u>

**A.  <u>The Debt</u>**

6.     Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.     The Debt was purchased, assigned or transferred to Harris for collection, or Harris was employed by the Creditor to collect the Debt.

9.     Harris attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.  <u>Harris Engages in Harassment and Abusive Tactics</u>**

10.     Within the last year, Harris began contacting Plaintiff in an attempt to collect the Debt.

11.     On or about May 5, 2021, Plaintiff mailed a written request to Harris via certified mail demanding it cease contacting her.

12.     Harris received Plaintiff's cease and desist letter on May 10, 2021.

13.     In complete disregard of Plaintiff's cease request, Harris continued to place calls to Plaintiff in an attempt to collect the Debt.

14.     Harris' actions caused Plaintiff a great deal of frustration and distress.

**C.  Plaintiff Suffered Actual Damages**

15.     Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

16.     As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from anger, anxiety, emotional distress, fear and frustration.

**COUNT I**

**(Violations of the Fair Debt Collections Practices Act)**
**(15 U.S.C. § 1692, et seq.)**

17.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18.     Defendant contacted Plaintiff after having received written notification from Plaintiff to cease communication, in violation of 15 U.S.C. § 1692c(c).

19.     Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

20.     Defendant caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

21.     Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

22.     Defendant employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

23.     Defendant used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

24.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

25.     Plaintiff is entitled to damages as a result of Defendant's violations.


### COUNT II

### (Violation of the Ohio Consumer Sales Practices Act ("OCSPA"))
### (O.R.C. § 1345.01, et seq.)

26.     Plaintiff incorporates by reference all of the above paragraphs as if fully restated herein.

27.     Plaintiff is a "consumer" as defined by O.R.C. § 1345.01(D).

28.     Defendant is a "supplier" as defined by O.R.C. § 1345.01(C).

29.     At all relevant times Defendant was engaged in a "consumer transactions" as "suppliers" as defined in O.R.C. § 1345.01(A).

30.     O.R.C. §1341.02 prohibits "suppliers" from using unfair or deceptive practices.

31.     O.R.C. §1341.03 prohibits "suppliers" from using unconscionable consumer sales acts or practices.

32.     Numerous Ohio Courts have held that a violation of the FDCPA is also a violation of the OCSPA.

33.     Defendant's debt collection actions as more fully described in the preceding paragraphs violate the OCSPA.

34.     Defendant's acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendant is subject to punitive damages.

35.     Defendant's acts and omissions, when a duty to act was owed, constitute numerous and multiple violations of the OCSPA, including every one of the above-cited provisions and as such Plaintiff is entitled to damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and O.R.C. § 1345.09(A) against Defendant;

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant;

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and O.R.C. § 1345.09(F)(1) against Defendant;

4.  Three times the amount of Plaintiff's actual damages or two hundred dollars, whichever is greater, pursuant to O.R.C. § 1345.09(B);

5.  Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for Plaintiff;

6.  Punitive damage; and

7.  Such other and further relief as this Court may determine to be just and proper.

Dated: <u>October 10, 2021</u>

<div style="margin-left: 40%">

Respectfully submitted,

By:<u>  /s/ *Sergei Lemberg*        </u>

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Email: slemberg@lemberglaw.com
Attorneys for Plaintiff:
Jacqueline Wilson

</div>

### JURY DEMAND

Plaintiff hereby makes a demand for trial by the maximum number of jurors allowed by law, on all triable issues.

<div style="margin-left: 50%">

<u>  /s/ *Sergei Lemberg*        </u>
Sergei Lemberg, Esq.

</div>