IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Jacqueline Wilson, | Case No. 3:21 CV 1914 |
| Plaintiff, | NOTICE<br>CASE MANAGEMENT CONFERENCE |
| -vs- | JUDGE JACK ZOUHARY |
| Harris & Harris, Ltd., | |
| Defendant. | |

This Court reviewed Joint Status Report (Doc. 9). This Court sets a Case Management Conference for **Monday, March 7, 2022 at 11:00 AM.** Counsel shall promptly advise if case settles beforehand.

\* \* \*

This case is subject to the provisions of Local Rule 16.1 of the Northern District of Ohio entitled "Differentiated Case Management" (DCM). Counsel are expected to familiarize themselves with applicable Local Rules and Federal rules of Civil Procedure. This Court will evaluate this case pursuant to Local Rule 16.1 and assign this case to an appropriate management track (expedited, standard, complex, mass tort and administrative) described in Local Rule 16.2(a). The track assignment will dictate time lines for discovery, motions, and trial. Unless otherwise ordered, discovery will be guided by Local Rule 26.1, and motion practice will be guided by Local Rule 7.1.

**SCHEDULING OF CASE MANAGEMENT CONFERENCE**

The Case Management Conference (CMC) shall be held via video conference on **Monday, March 7, 2022 at 11:00 AM (EST)**, before the Honorable Jack Zouhary, United States District Judge. Zoom invitation will be sent to counsel by email. Party attendance is not required.

**APPLICATION OF FEDERAL CIVIL RULE 26(a)**

Federal Civil Rule 26(a) mandates required disclosures in lieu of certain discovery requests, unless otherwise stipulated or directed by Order of this Court or by Local Rule. **Initial Disclosures shall be exchanged no later than two weeks prior to the CMC so that counsel may knowledgeably complete the Report of the Parties. If additional time is needed, please call Chambers (419-213-5675).** In this case, all disclosures mandated by Rule 26(a) shall apply, including Initial Disclosures, Expert Testimony, and Pre-Trial Disclosures.

Prior to the CMC, parties may undertake such informal or formal discovery as mutually agreed. Absent such agreement, no preliminary formal discovery may be conducted prior to the CMC except as necessary and appropriate to support or defend against any challenges to jurisdiction or claim for emergency, temporary, or preliminary relief. Local Rule 30.1 governs conduct at depositions, and counsel shall comply with this Rule.

**TRACK RECOMMENDATIONS**

Pursuant to Local Rule 16.2(a), and subject to further discussion at the CMC, this Court recommends the Standard Track, which means the trial date will be no later than fifteen (15) months from the filing of the Complaint.

**PREPARATION FOR CMC BY COUNSEL**

The general agenda for the CMC is set by Local Rule 16.3(b). Counsel should be prepared to discuss claims and defenses in detail with the Judge.

Counsel for Plaintiff(s) shall arrange with opposing counsel to hold the meeting required by Federal Civil Rule 26(f) and Local Rule 16.3(b). A Report of this planning meeting shall be jointly signed and filed **at least three (3) days before the CMC**. The Report in pdf format is attached. For your convenience, the Report of Parties' Planning Meeting can be sent to you in Word or Wordperfect format by requesting it via email from laura_doerfler@ohnd.uscourts.gov.

**FILING OF DISCOVERY MATERIALS**

Unless otherwise ordered, initial disclosures and discovery materials shall **not** be filed except where submitted in support of a motion or for use at trial. More detail on Judge Zouhary's case management practices and trial procedures can be found at this Court's website: www.ohnd.uscourts.gov.

    SANDY OPACICH,
Clerk of Court

    s/ LAURA DOERFLER,
Courtroom Deputy for Judge Zouhary

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jacqueline Wilson,          Case No. 3:21 CV 1914

        Plaintiff,         REPORT OF PARTIES'
                                      PLANNING MEETING
   -vs-
                                      JUDGE JACK ZOUHARY

Harris & Harris, Ltd.,

        Defendant.

1.     Pursuant to Federal Civil Rule 26(f) and Local Rule 16.3(b), a meeting was held on _____, and was attended by:

_____Counsel for Plaintiff _____

_____Counsel for Defendant _____

2.     The parties:

_____ Have exchanged the pre-discovery disclosures (the actual documents -- not just the list) required by Rule 26(a)(1) and the Case Management Conference (CMC) Notice; or

_____ Have permission from this Court to delay disclosure until after the CMC.

3.     The parties recommend the following track:

       _____ Expedited        Standard    _____ Complex

                _____ Administrative    _____ Mass Tort

4.     Trial Month/Year:     (15 months from filing if Standard Track)

5.     This case _____ is / _____ is not suitable for a Settlement/Mediation Conference. If yes, indicate if Court assistance is desired and how soon:

_____ Shortly after CMC

_____ After key discovery

_____ Other [describe]

6. The parties _____do/ _____do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. 636(c).

If you are consenting to the jurisdiction of the Magistrate Judge, please contact Chambers (419-213-5675) **prior** to the CMC. A Consent to the Exercise of Jurisdiction will then be issued for signature by all parties and the case will be sent to the Magistrate Judge for the CMC and all further proceedings.

7. The parties agree that this case \_\_\_\_\_ does / \_\_\_\_\_ does not involve electronic discovery. **(Counsel are reminded to review the default standard for e-discovery set forth in Appendix K to the Local Rules.)**

8. Recommended Discovery Plan:

(a) Describe anticipated e-discovery (i.e., what ESI is available and where it resides; ease/difficulty and cost of producing information; schedule and format of production; preservation of information; agreements about privilege or work-product protection, etc.):

_____

_____

_____

(b) Describe any anticipated discovery issues or potential problems:

_____

_____

_____

9. Recommended cut-off for amending the pleadings and/or adding additional parties:

_____

2

10. Expert disclosures:

    (a) Names by: _____

    (b) Reports by: _____

    **NOTE:** Expert depositions require prior Court approval.

11. Discovery deadlines:

    (a) Liability: _____

    (b) Damages: _____

    **NOTE:** Dispositive motions are not appropriate in every case. No dispositive motions shall be filed until counsel have met and conferred about the merits of such a motion; and only after sufficient discovery has been completed that allows counsel for the moving party to represent the belief there are no disputed issues of material fact. Timing for filing a motion is the responsibility of counsel and should not conflict with the case schedule and trial. *See* Civil Case Management Procedures (Doc. 3).

12. Recommended month/date for: telephone status with Court, or Joint Status Report filed by counsel: _____

13. Other matters for this Court's attention: _____

_____

_____

Attorney for Plaintiff: \_\_\_s/_____

Attorney for Defendant: \_\_\_s/_____